# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE MCDONALD'S FRENCH FRIES )
LITIGATION, )
)
) No. 06 C 4467
)
)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Alissa Krinsky; Jenna Friedman; Dave Burdi; Debra Moffatt; Josh Gottwig; David and Cehrilyn Levy, individually and as parents and legal guardians of their daughter Sydni Levy; Robert Dahn; Bettye Dahn; Kathryn E. Stepkowski; Amanda and Scott Spaid, individually and on behalf of minor children Sean, Sarah and Adam Spaid; and Cynthia Tsimpedes, next friend of Elene Tsimpedes, have filed an amended class action complaint ("the complaint"), on behalf of a nationwide class of persons who "purchased and/or consumed" french fries and hash browns ("potato products"), against defendant McDonald's Corporation ("McDonald's") alleging violations of various states' consumer protection statutes (Count I), breach of implied and express warranties (Counts II and III), unjust enrichment (Count IV), and fraud (Count V). Plaintiffs seek monetary damages and injunctive relief. Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and to strike the complaint's request for injunctive relief. For the following reasons, the motion is granted in part and denied in part.

I.

Plaintiffs and alleged members of the class are individuals who cannot or chose not to consume gluten, milk or wheat because of food allergies, dietary issues, or food sensitivities. Plaintiffs claim that on numerous occasions they purchased defendant's potato products from McDonald's restaurants based on defendant's alleged representations that the products were free of milk, wheat, and gluten, and were safe for consumption by persons such as plaintiffs and members of the class. On or about February 13, 2006, McDonald's revised its "USA Food Allergens and Sensitivities Listing" contained on its website, with respect to its potato products entries. Since that date McDonald's lists such products as containing milk, wheat, and gluten on its website.

II.

In assessing defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). Documents attached to the complaint are considered part of the complaint. *Id.* (citing Fed. R. Civ. P. 10(c)). I must view the allegations in the light most favorable to plaintiff. *Id.* However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, No. 05-1126, slip op. at 8, 550 U.S. __,

127 S. Ct. 1955, 2007 U.S. LEXIS 5901, at *5, 2007 WL 1461066, at *8 (May 21, 2007).

A. Counts I and V: Fraud

Counts I and V set forth claims for consumer and common law fraud. Defendant moves to dismiss these counts on the ground that they fail to allege fraud with particularity in accordance with Fed. R. Civ. P. 9(b). Under Federal Rule of Civil Procedure 9(b), plaintiff must plead with specificity the who, what, where, and when of the alleged fraud or mistake. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins.*, 412 F.3d 745, 749 (7th Cir. 2005). Rule 9(b) also applies in consumer fraud claims. *See, e.g., Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *10 (N.D. Ill. Mar. 22, 2007) (Filip, J.).

In this case, the complaint alleges that "McDonald's website for many years contained a chart entitled 'McDonald's USA Food Allergens and Sensitivities Listing'" in which defendant "represented to the public that its [p]otato [p]roducts contained no allergens, that no food sensitivities were associated with the consumption of those items, and that they were gluten-free." (Compl. at ¶ 15.) The complaint also provides that defendant revised its website listing on or about February 13, 2006. (Id. at ¶ 21.) On their face, these allegations are insufficient to plead the "when" with specificity as required under Fed. R. Civ. P. 9(b).

3

Other than before February 13, 2006, it is unclear what the relevant time period is as to the representations made through the website.

Moreover, the complaint does not specify the time frame or method through which any other alleged misrepresentations were made to plaintiffs. Nor does the complaint allege that these plaintiffs relied on the representations on the website when purchasing or consuming the potato products. Both counts allege that the potato products were advertised and marketed as milk, wheat, and gluten-free, but no specific instances or locations of the advertisements are identified. (See Compl. at ¶¶ 46, 75-76.) Accordingly, counts I and V are dismissed.

### B. Counts II and III: Breach of Implied and Express Warranties

Defendant first moves to dismiss counts II and III on the ground that plaintiffs failed to provide pre-suit notice as required by the Uniform Commercial Code ("UCC"). Under the UCC, a plaintiff buyer pursuing a breach of warranty claim must give the seller notice of the claimed breach or be barred from recovery. U.C.C. § 2-607; Cal. U. Com. Code § 2607(3)(A); Fla. Stat. § 672.607(3)(a); 810 ILCS 5/2-607(3)(A). This notice requirement is intended to encourage pre-suit settlement negotiations, *see* U.C.C. § 2-607 cmt. 4; *see also Reyes v. McDonald's Corp.*, Nos. 06 C 1604, 06 C 2813, 2006 U.S. Dist. LEXIS 81684, at *10 (N.D. Ill. Nov. 8, 2006) (Kendall, J.), and is subject to two exceptions. Direct

notice is not required when (1) the seller has actual knowledge of the defect of the particular product; or (2) a consumer plaintiff suffers a personal injury, in which case the notice requirement could be satisfied by filing a lawsuit against the seller. *See Allstate Ins. Co. v. Daimler Chrysler*, No. 03C6107, 2004 WL 442679, at *2, 2004 U.S. Dist. LEXIS 3811, at *7 (N.D. Ill. Mar. 9, 2004) (Lefkow, J.) (citing *Connick v. Suzuki Motor Co. Ltd.*, 174 Ill.2d 482, 492, 675 N.E.2d 584, 589 (Ill. 1990).

The complaint does not allege that plaintiffs provided defendant with pre-suit notice of their warranty claims. Nonetheless, the complaint does allege that plaintiffs suffered personal injuries as a result of consuming the potato products. (Compl. at ¶ 33.) Accordingly, the complaint sufficiently pleads one of the exceptions to the notice requirement.

Defendant also moves to dismiss count II for failure to allege that the potato products were not merchantable. For goods to be considered "merchantable," they must conform to a set of standards which includes being "fit for the ordinary purposes for which such goods are used." 810 ILCS 5/2-314(c); Cal. U. Com. Code § 2314(2)(a)-(c); Fla. Stat. § 672.314(a)-(c); Md. Com. Law Code Ann. § 2-314(a)-(c). Plaintiffs respond that the complaint has pled the elements of a claim for breach of implied warranty of fitness for a particular purpose, which does not require pleading non-merchantability. To state a claim for breach of implied warranty of fitness for a particular purpose, plaintiffs "must allege that

5

(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *Industrial Hard Chrome Ltd. v. Hetran, Inc.*, 64 F.Supp. 2d 741, 746 (N.D. Ill. 1999) (citations omitted). "For such a warranty to exist, the goods must be for a purpose other than their ordinary use." *Id.* (citing 810 ILCS 5/2-315).

In this case, plaintiffs do not allege that the consumption of the potato products is not the ordinary use of such products or that defendant had reason to know what the particular, non-ordinary use of the product would be. The complaint itself provides that the potato products were promoted and sold "for the use of consumers with dietary issues and sensitivities to such ingredients." (Compl. at 56.) To the extent the language in the complaint does not foreclose plaintiffs' argument that the products were for a purpose other than their ordinary use, plaintiffs still fail to identify what the non-ordinary use of a french fry or hash brown is. Accordingly, the count II fails to state a claim for breach of implied warranty of fitness for a particular purpose and is dismissed. *See Bell Atlantic*, slip op. at 10-11, 2007 U.S. LEXIS 5901, at *33-36, 2007 WL 1461066, at *10-11 (a complaint must do more that "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery") (alteration marks omitted).

Defendant also moves to dismiss count III for breach of express warranties on the ground that plaintiffs are not in privity with McDonald's. "In general, because an express warranty 'is a creature of contract,' a party must have privity to the contract before bringing a breach of express warranty claim." *Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings*, No. 02 C 8800, 2005 WL 782698, at *15 (N.D. Ill. Apr. 6, 2005) (St. Eve, J.) (applying Illinois law). Plaintiffs argue they are exempt from alleging privity because McDonald's expressly warranted its goods to the ultimate consumers and this was the basis for the bargain and relied upon by plaintiffs. *See id.*; *Maneely v. Gen. Motors Corp.*, No. SA-CV93414, 1995 U.S. Dist. LEXIS 16025, at *18-20 (C.D. Cal. July 11, 1995). Defendant concedes this exception exists in some jurisdictions, including California and Illinois (Def. Rpl. Br. at 8-9), but argue that I should nonetheless dismiss the claims because plaintiffs have not sufficiently pled the exception.

The complaint provides that McDonald's restaurants are franchised and that plaintiffs purchased the potato products from McDonald's restaurants. (Compl. at ¶¶ 6, 31.) Count III simply provides that the potato products "were accompanied by an express warranty when placed in the stream of commerce by McDonald's." (Id. at 63.) Accordingly, the complaint fails to allege privity among plaintiffs and defendant. The complaint does sufficiently plead the exception for express warranties that are the basis of the bargain between plaintiffs and defendant under California and

7

Illinois law. *Id*.; (compl. at ¶ 64). The motion to dismiss the claims arising under California and Illinois law is therefore denied.

Defendant also argues that the remaining express warranty claims under Tennessee, Maryland, and Florida law should also be dismissed because those jurisdictions do not recognize the applicable exception. However, under the law in Tennessee and Maryland, a plaintiff is not required to plead privity if seeking recovery for personal injuries. *See, e.g.*, *Memphis-Shelby County Airport Authority v. Illinois Valley Paving Co.*, No. 01-3041 B, 2006 WL 3041492, at *2 (W.D. Tenn. Oct. 26, 2006) (under Tennessee law "if the claim is one for personal injury or property damage, the economic loss doctrine does not operate as a bar to a plaintiff seeking recovery in tort"); *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F.Supp. 312, 322 (D. Md. 1983) (applying Maryland law). In this case, plaintiffs have alleged personal injuries as a result of defendant's breach of warranty. (Compl. at ¶ 33.) Therefore, the motion to dismiss the claims under Tennessee and Maryland law is denied.

Defendant is correct, however, that Florida law requires plaintiffs plead privity in order to state a claim for common law breach of express warranties. *See, e.g., T.W.M. v. American Medical Sys., Inc.*, 886 F.Supp. 842, 844 (N.D. Fla. 1995); *Intergraph Corp. V. Stearman*, 555 So.2d 1282, 1283 (Fla. Ct. App.

1990). In turn, plaintiffs argue this breach of express warranty claim is under the Magnuson Moss Warrant Act ("MMWA"), which does not require privity. *See, e.g., Rentas v. Daimler-Chrysler Corp.*, 936 So.2d 747, 751 (Fl. Ct. App. 2006). Because the complaint alleges that defendant made at least one written representations through the website about the composition of the potato products, and that those representations were directed to consumers, plaintiffs' Florida claims can proceed under the MMWA. *See Id*. Accordingly, the motion to dismiss count III is denied.

C. Count IV: Unjust Enrichment

Defendant moves to dismiss count IV on the ground that an unjust enrichment claim cannot stand alone, but must be accompanied by an underlying common law or statutory claim. *See, e.g., Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001) (citing *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 271 Ill.App.3d 483, 648 N.E.2d 971, 976-77 (Ill. App. Ct. 1995)). To the extent plaintiffs have stated claims for breach of express warranties, the unjust enrichment claims may stand.

D. Injunctive Relief

Defendant moved to strike plaintiffs' request for injunctive relief. Plaintiffs failed to oppose this. Accordingly, the motion to strike plaintiffs' request for injunctive relief is granted.

III.

For the foregoing reasons, defendant's motion to dismiss is granted in part and denied in part. Counts I-II and V are dismissed. Defendant's motion to strike the complaint's request for injunctive relief is granted. If plaintiffs desire to file an amended complaint they shall do so within 28 days.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 30, 2007